IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILDRED BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-22-331 |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Terrell Michelle Thomas allegedly suffered serious injuries while working at a Union Pacific Railroad Company rail yard in August 2020. (Docket Entry No. 1-3 at ¶ 6). Mildred Berry, as guardian and next friend of Terrell Michelle Thomas, has sued Union Pacific for negligence per se and gross negligence. (*Id.* at 1, 2–3). Union Pacific has moved to dismiss, and Berry has responded. (Docket Entry Nos. 5, 6).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Union Pacific argues that Berry has failed to state a claim because: (1) her complaint contains no facts alleging why she is authorized to bring claims on Thomas's behalf; (2) she fails to identify a statute protecting Thomas, as a negligence per se claim requires; and (3) she fails to allege facts supporting a gross negligence claim because the complaint does not allege facts

showing Union Pacific's duty to Thomas, and that it breached and proximately caused Thomas's injury. Berry responds that: (1) she holds power of attorney for Thomas; (2) multiple applicable statutes can serve as the basis for the negligence per se claim; and (3) the alleged facts support a negligence claim.

Berry has submitted materials with her response to the motion to dismiss showing her authority to bring this action on Thomas's behalf because she holds power of attorney. But those facts are not contained within the complaint. Berry has requested leave to amend her complaint to attempt to cure the pleading deficiencies. Because Berry has not plead facts alleging authorization to bring suit on Thomas's behalf, her complaint is dismissed, without prejudice, and with leave to amend.

Union Pacific's motion to dismiss, (Docket Entry No. 5), is granted without prejudice. Berry must file an amended complaint no later than **April 25, 2022**.

SIGNED on April 5, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge