Case 4:22-cv-00331   Document 21   Filed on 06/24/22 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILDRED BERRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-22-331 |
| § | |
| UNION PACIFIC RAILROAD COMPANY, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Terrell Michelle Thomas suffered serious injuries at a Union Pacific Railroad Company rail yard in August 2020. (Docket Entry No. 1-3 at ¶ 6). Mildred Berry, as guardian and next friend of Terrell Michelle Thomas, sued Union Pacific for those injuries, alleging negligence per se and gross negligence. (*Id.* at 1, 2–3). The court granted Union Pacific's motion to dismiss on the basis that Berry's complaint did not plead that she had authority to sue on behalf of Thomas. (Docket Entry No. 7). Although the court recognized that Union Pacific argued several other bases for dismissal, and that Berry had responded that she thought the deficiencies could be cured, the court did not opine on the merits of any additional arguments and responses. The court's order permitted Berry to do what she requested—file an amended complaint that identified the basis for her authority to bring suit on behalf of Thomas and cure other pleading deficiencies.

Berry has now filed her first amended complaint—only four pages long—adding an allegation that she holds power of attorney for Thomas and brings suit as Thomas's "next friend." (Docket Entry No. 10 at ¶ 2). Union Pacific no longer contests Berry's authority to bring suit on Thomas's behalf. Union Pacific argues that Berry's first amended complaint still fails to state a claim for negligence, negligence per se, and gross negligence. (Docket Entry No. 12). Berry has

responded. (Docket Entry No. 15). The court heard argument on June 1, 2022, and the parties submitted supplemental briefing on June 3, 2022. (Docket Entry Nos. 16, 17, 18).

After careful consideration of the pleadings, the parties' arguments, and the applicable law, the court grants Union Pacific's motions to dismiss. The dismissal is with prejudice as to the negligence and gross negligence claims based on failure to maintain the premises and as to the negligence per se claim, because amendment would be futile. The dismissal is without prejudice and with leave to amend as to the negligence and gross negligence claims based on Union Pacific's failure to warn Thomas by sounding a signal for the approaching train. This dismissal is without prejudice because there is an inadequate basis to conclude that Berry could not amend to state a plausible claim for negligence for failing to warn Thomas of an approaching train. Berry may amend to attempt to plead her claim plausibly.

The reasons are explained below.

I.   **Background**

Union Pacific Railroad Company maintains a rail yard in Harris County. (Docket Entry No. 10 at ¶ 4). On August 13, 2020, Terrell Michelle Thomas entered the rail yard through an opening that was not at a gate or other intended entrance. Union Pacific allegedly "failed to maintain the fencing and gates surrounding its rail yard," permitting "public access." (*Id.* at ¶ 4).

Thomas was "struck by a rail car and subsequently run over," while "in the process" of walking through the yard and over a track. (*Id.*). Thomas sustained severe injuries. (*Id.* at ¶ 5).

Berry alleges that the injuries resulted from Union Pacific's failures to:

- "provide a reasonable and timely audible warning of a moving train";
- "provide a reasonable and timely visual warning of an approaching train";
- "remedy the hazardous conditions posed by this rail yard";

- "recognize that the conditions readily apparent at this rail yard created an essentially local safety hazard";

- "properly train and instruct its crew";

- "maintain the rail yard";

- "maintain adequate warning devices";

- "provide sufficient warning";

- "properly inspect the rail yard";

- "clear visibility obstructions when operating the train"; and

- "delaying to inspect or repair gates on its premises."

(*Id.*). Berry does not allege specific facts supporting these conclusions.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.     Analysis

#### A.     Negligence and Gross Negligence

Berry does not specify whether her negligence claim is based on a negligent activity theory or a premises defect theory. "When distinguishing between a negligent activity and a premises defect, [the Texas Supreme Court] has focused on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect." *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 388 (Tex. 2016) (citation omitted). A negligent activity claim requires a plaintiff to allege facts that could show that she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted).

Berry asserts both premises liability and negligent activity claims. To the extent she takes issue with the Union Pacific rail yard signage and fencing, she asserts a premises liability claim because she is alleging failures relating to the conditions of the railroad's premises. To the extent she takes issue with Union Pacific's failure to reasonably warn Thomas by sounding an audible signal of the oncoming train, she is asserting a negligent activity claim because she is alleging that she was injured by the contemporaneous activity of Union Pacific failing to warn. The court addresses each in turn.

### 1. Premises Liability

Under Texas law, failure to fence and provide proper warning signage or "maintain the rail yard" are the bases of a premises liability claim because they are failures to warn about the condition on the land—in this case, the presence of active train tracks. *See Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (the failure to provide adequate security at an apartment complex was the basis of a premises liability claim). "Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295–96 (Tex. 1983)). A plaintiff generally falls in one of three status categories: trespasser, licensee, or invitee. *See, e.g.*, *Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 794 (5th Cir. 1992) (per curiam). "[S]tatus is a legal question except when sufficient issues of fact exist to warrant submission to a jury." *Id.*

Union Pacific argues that the facts Berry has alleged show only that Thomas was a trespasser when she entered the rail yard. "A trespasser is 'one who enter[s] upon property of another without any legal right or invitation, express or implied.'" *Foote v. Texcel Exploration,*

*Inc.*, 640 S.W.3d 574, 582 (Tex. App.—Eastland 2022, no pet.) (alteration in original) (quoting *State v. Shumake*, 199 S.W.3d 279, 285 (Tex. 2006)). Berry alleges that Thomas entered the rail yard because Union Pacific did not "maintain the fencing and gates surrounding its rail yard." (Docket Entry No. 10 at ¶ 4). That fact alone supports the conclusion that Thomas was a trespasser because no allegation supports an inference that Thomas had a legal right or invitation, express or implied, to enter the rail yard. In her response to Union Pacific's motion to dismiss, Berry does not contest that Thomas was a trespasser.

At oral argument and through supplemental briefing, Berry clarified that her liability theory was that Thomas was a "tolerated trespasser." (Docket Entry Nos. 16, 17). In other words, Thomas had an implied invitation to enter the rail yard, transforming her status from trespasser to licensee. To support this theory, Berry has informed the court that she can add an allegation, under Rule 11(b)(3) of the Federal Rules of Civil Procedure, that Union Pacific knew that other trespassers had previously entered and crossed the rail yard. (Docket Entry No. 17 at 2). In supplemental briefing, Berry points to multiple cases that hold that if a landowner is aware of frequent trespassing on its land, the trespassers are transformed to the status of licensees. As described in *City of El Paso v. Zarate*, 917 S.W.2d 326 (Tex. App.—El Paso 1996, no writ),

> a licensee is a person who goes on the premises of another merely by permission, express or implied, and not by any express or implied invitation. A licensee's presence on the premises is for his own convenience or on business for someone other than the owner. The duty owed to a licensee is not to injure the person willfully, wantonly, or through gross negligence and to warn of or make safe dangerous conditions known to the possessor of the premises.

*Id.* at 331 (internal citations and quotation marks omitted). The court agrees that under Texas law, allegations that Union Pacific was aware of frequent trespassers into the rail yard and failed to maintain adequate fencing to prevent such entries may support an inference that Union Pacific

6

gave implied permission for Thomas to enter the yard, which transforms Thomas's status from a naked trespasser.

However, even transformed, the railroad only has a duty "not to injure the person willfully, wantonly, or through gross negligence and to warn of or make safe dangerous conditions known to the possessor of the premises." *Id.* There is no duty to one who already has knowledge of the dangerous condition. In *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561, 563–64 (Tex. 1976), the landowner had no duty to warn of dangerous clay hump conditions scattered across its 200 miles of canal when the record showed that a person who dived into the canal knew that those humps existed.

Berry has pointed to no authority that Union Pacific had a duty to provide fencing and warning signs along its railroad tracks. Railroad tracks are an obvious condition of a railroad, and there is no general duty to warn of their presence because they are an obvious danger. *See Barnes v. Kansas City S. Ry. Co.*, No. 4:14-CV-68, 2016 WL 4801511, at *3 (S.D. Tex. Feb. 19, 2016) ("Railroad companies are an integral part of the movement of goods throughout the nation. To that end, thousands of miles of railroad track exist throughout the country. It cannot be said the railroad has a duty to put fences or other barriers around its entire track to prevent pedestrians from crossing over them.").

The court dismisses Berry's negligence and gross negligence claims with prejudice to the extent they are based on Union Pacific's failure to fence, put up signs, or maintain the rail yard. Allowing amendment to add allegations supporting an inference that Thomas was a licensee would be futile.

    **2.**    **Negligent Activity**

To the extent that Berry alleges that Union Pacific failed to "provide a reasonable and timely audible warning of a moving train" or "provide a reasonable and timely visual warning of an approaching train," these allegations support a general negligent activity claim. "It is beyond question that a proprietor is not relieved of its active negligence merely because the injury occurs on its premises." *Sibai v. Wal-Mart, Stores, Inc.*, 986 S.W.2d 702, 706 (Tex. App.—Dallas 1999, no pet.). "The status of the defendant . . . is irrelevant to a negligent activity claim." *Id.* In the case of a negligence activity claim, general negligence rules apply. *See Lewis v. United Parcel Service, Inc.*, 175 S.W.3d 811, 814 (Tex. App.—Houston [1st Dist] 2004, writ.) ("If negligent activity is raised by the evidence, general negligence instructions are proper." (citing *Keetch*, 845 S.W.2d at 264).

"The common law doctrine of negligence consists of three elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (citation omitted). "In determining whether the defendant was under a duty, the court will consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Id.* (citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)).

Berry's allegations in her first amended complaint that Union Pacific failed to "provide a reasonable and timely audible warning of a moving train" or to "provide a reasonable and timely visual warning of an approaching train" are conclusory. They do not allege *how* Union Pacific failed to reasonably provide warnings. Did Union Pacific fail to issue a warning altogether? Did

Union Pacific signal some time before the train hit Thomas? Or did the signal come after the train and Thomas collided?

Berry has submitted supplemental briefing to the court asserting that under Rule 11(b)(3) of the Federal Rules of Civil Procedure, she could additionally plead that Thomas received no warning signal that the train "was about to move or moving." (Docket Entry No. 17 at 2). The question is whether that allegation could allow Berry to plead that Union Pacific did not keep proper lookout that would have revealed Thomas on the track in time to sound the signal. Under Texas law, that is sufficient to state a claim for negligence. Although an old case, *Tex. & N. O. R. Co. v. Zarate*, 74 S.W.2d 721 (Tex. Civ. App. 1934), states the general rule in Texas:

> The true rule is that it is the duty of the servants of the railroad company operating its trains to use reasonable care and caution to discover persons on its track, and a failure to use such care and caution is negligence on the part of such company, for which it is liable in damages for an injury resulting from such negligence, unless such liability is defeated by the contributory negligence of the person injured, or of the person seeking to recover for such injury, and the circumstances under which the party injured went upon the track are merely evidence upon the issue of contributory negligence. If such circumstances show that the party injured was a wrongdoer or trespasser at the time of the injury, the issue of contributory negligence is, as a general rule, established as a matter of law; but not so in all cases. It results from the above, that it was the duty of the railroad to use ordinary or reasonable care to discover and warn defendant in error, whether she be considered a trespasser or a mere licensee, and a failure to use such care was negligence, rendering the railroad liable for such damages as resulted therefrom, unless under all the circumstances defendant in error was guilty of negligence contributing proximately to her injury.

*Id.* at 724–25 (quoting *Texas & P. Railway Co. v. Watkins*, 29 S.W. 232, 233–34 (Tex. 1895)); *see also Gulf, C. & S. F. R. Co. v. Russell*, 125 Tex. 443, 82 S.W.2d 948, 951 (Tex. Comm'n App. 1935, opinion adopted) ("It is now the settled law of this state that a railway company in the operation of its trains owes a general duty of keeping a lookout for persons as well as animals or

inanimate objects on its track. This duty of a 'reasonable lookout' is a continuing one and is not dependent upon the question of whether or not a person may be wrongfully upon the track at a place where persons are not usually expected to be. It is a duty imposed for the safety of passengers as well as persons who may be upon the track."); *Tex. & N. O. R. Co. v. Darton*, 241 S.W.2d 181, 182 (Tex. Civ. App. 1951) ("We think the railroad company was under a general duty toward appellee to keep a lookout for him and such other persons as may have been in or about its cars and tracks." (citations omitted)).

An allegation that Union Pacific failed to provide any warning signal or sound as it approached Thomas could plead a claim for gross negligence. A claim for gross negligence requires a plaintiff to allege facts supporting two elements:

> (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others.

*Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (quoting *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001)). "Under the first, objective element, an extreme risk is 'not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff.'" *Id.* (quoting *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)). "Under the subjective element, 'actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care.'" *Id.* "Circumstantial evidence may suffice to prove either element." *Id.* Failure to signal to Thomas that a train was oncoming supports an inference that Union Pacific was aware of a high degree of peril from failing to signal—the risk of hitting someone with a train—and failed to signal having possibly seen Thomas on the tracks, proceeding in conscious indifference to her safety.

In sum, Union Pacific had a duty to keep lookout and to use care and caution to find Thomas on the track in time to warn of the oncoming train. Although Berry's first amended complaint does not allege facts supporting an inference that Union Pacific failed to reasonably keep lookout or warn, Berry has identified additional facts that she could plead that cannot at this stage be disregarded as futile. To the extent Berry's first amended complaint alleges negligence and gross negligence claims based on the negligent activity of failure to keep a lookout and to signal, it is dismissed without prejudice and with leave to amend. Berry may amend her complaint no later than **July 8, 2022**.

### B. Negligence Per Se

Berry also alleges a negligence per se claim in her first amended complaint. In her response brief, Berry argues that multiple Texas statutes that require fencing and train signaling provide a basis for her negligence per se claim. Union Pacific argues that Berry has not identified an applicable statute that could serve as the basis of her negligence per se claim.

"Negligence per se is a tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably prudent person. The unexcused violation of a statute constitutes negligence as a matter of law if such statute was designed to prevent injury to the class of persons to which the injured party belongs." *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978) (citing *Missouri P. R. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex. 1977)). "Generally, the litigant alleging negligence per se as a ground of recovery must assume the burden of proving a statutory violation." *Id.* at 604 (citing *Missouri P. R. R. Co. v. American Statesman*, 552 S.W.2d 99, 102 (Tex. 1977); *L. M. B. Corporation v. Gurecky*, 501 S.W.2d 300 (Tex. 1973)). Berry's first amended complaint does not allege the statutory basis for

her negligence per se claim, but in her response, she lists several candidates: (1) TEX. TRANSP. CODE § 471.004 and (2) TEX. TRANSP. CODE § 112.152.

TEX. TRANSP. CODE § 471.004 requires that the Texas Department of Transportation develop guidelines and specifications and adopt rules for the required reflecting material at railroad grade crossings. Not only does Berry fail to allege that her incident occurred at a grade crossing, falling outside the scope of the statute, the statute's language makes clear that it should not serve as the basis of a negligence per se claim. The statute states:

> The state, an agency or political subdivision of the state, or a railway company is not liable for damages caused by an action taken under this section or failure to perform a duty imposed by this section. Evidence may not be introduced in a judicial proceeding that reflecting material exists or that the state or railway company relies on the material.

TEX. TRANSP. CODE § 471.004(c).

Berry's next identified statute, TEX. TRANSP. CODE § 112.152, applies in the case of death and injury to a railroad's employees. Berry does not allege that Thomas was an employee of Union Pacific. Thomas falls outside of the class of people that § 112.152 was designed to protect.

Berry has not identified a statute that can serve as the basis for her negligence per se claim despite repeated opportunities to do so. The negligence per se claim is dismissed with prejudice.

**IV.    Conclusion**

Union Pacific's motion to dismiss, (Docket Entry No. 12), is granted. The court has allowed Berry to file a first amended complaint to cure factual pleading deficiencies. The first amended complaint did not do so. Berry requests that this dismissal be without prejudice and with leave to amend a second time. The dismissal is with prejudice as to the negligence and gross negligence claims based on failure to maintain the premises and as to the negligence per se claim because amendment would be futile. The dismissal is without prejudice and with leave to amend

as to the negligence and gross negligence claims based on an alleged failure to signal to Thomas that the train was oncoming.  Berry may amend her complaint no later than **July 8, 2022**.  An initial conference is scheduled for **July 13, 2022**, at 9:50 a.m. C.D.T. by video, to set a scheduling and docket control order.  A zoom link will be separately sent.

SIGNED on June 24, 2022, at Houston, Texas.

                                              Lee H. Rosenthal
                                   Chief United States District Judge