IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILDRED BERRY AS GUARDIAN, AND AS NEXT FRIEND OF TERRELL MICHAELLE THOMAS<br>*Plaintiff*,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 4:22-CV-00331 |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S RESPONSE
AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Union Pacific Railroad Company (hereinafter "Union Pacific") files its response and brief in opposition to Plaintiff's Motion for Continuance (Docket Entry No. 50), and would respectfully show the Court as follows:

**I.
NATURE AND STAGE OF THE PROCEEDING**

1. This lawsuit arises out of an August 13, 2020 accident wherein Terrell Michelle Thomas ("Thomas") suffered serious injuries while trespassing through Union Pacific's Settegast Yard. Docket Entry No. 1-3 at ¶ 6. On January 6, 2022, Mildred Berry ("Berry"), as guardian and next friend of Thomas, sued Union Pacific in the 133rd Judicial District of Harris County, Texas for those injuries, alleging negligence *per se* and gross negligence. *Id.* at 1, 2–3.

2. On February 4, 2022, Union Pacific timely removed the suit based on diversity. Docket Entry No. 1. On February 8, 2022, Union Pacific filed a motion to dismiss arguing Berry failed to state a claim because: (1) her complaint contained no facts alleging why she was authorized to bring claims on Thomas's behalf; (2) she failed to identify a statute protecting Thomas, as a negligence *per se* claim requires; and (3) she failed to allege facts supporting a gross

negligence claim because the complaint did not allege facts showing Union Pacific's duty to Thomas and that it breached and proximately caused Thomas's injury. Docket Entry No. 5.

3. On April 5, 2022, the Court granted Union Pacific's motion to dismiss on the basis Berry failed to plead that she had authority to sue on behalf of Thomas and permitted Berry to file an amended complaint identifying the basis for her authority to bring suit. Docket Entry No. 7.

4. On April 22, 2022, Berry filed an Amended Complaint adding new allegations that: (1) she held a power of attorney for Thomas and brought suit as Thomas's "next friend;" (2) "UPRC failed to maintain the fencing and gates surrounding its rail yard which permitted the general public access to the rail yard;" and (3) "[a]t all times relevant, UPRC tolerated Thomas'[s] access to and presence on the premises which it controlled and maintained." Docket Entry No. 10.

5. On May 6, 2022, Union Pacific again moved to dismiss on the basis that Berry's First Amended Complaint still failed to articulate: (1) the facts that show Union Pacific owed Thomas a recognized duty, either under a simple negligence or a gross negligence claim, and (2) the statute under which Berry moved to establish a negligence *per se* claim. Docket Entry No. 12.

6. The Court heard arguments on June 1, 2022, and the parties submitted supplemental briefing on June 3, 2022. Docket Entry Nos. 16–18. On June 24, 2022, the Court granted Union Pacific's motions to dismiss, dismissing with prejudice Berry's negligence *per se* claims and the negligence and gross negligence claims based on failure to maintain the premises. *Id.* The Court dismissed without prejudice Berry's negligence and gross negligence claims based on Union Pacific's failure to warn by sounding a signal for the approaching train. Docket Entry No. 21.

7. On July 8, 2022, Berry filed her Second Amended Complaint alleging negligence and gross negligence based on the assertion Union Pacific failed to inspect and keep a lookout

along the track where the railcar in question was being operated and failed to warn Thomas of the oncoming railcar. Docket Entry No. 23, at ¶ 5.

8. Berry's expert designation deadline was twice extended until January 13, 2023. Docket Entry No. 26, 31, and 35. On January 13, 2023, Berry designated (a) Brandon Ogden, as a retained expert on the standard of care for railroad employees and operations, and (b) numerous medical providers – City of Houston Fire Department EMS, Memorial Hermann Texas Medical Center, UT Physicians, Cobalt Rehabilitation Center, Harris Center for Mental Health and IDD, Jose G. Franquiz, MD, and Memorial Hermann Southwest Hospital— for Ms. Thomas, as non-retained expert witnesses. Docket Entry No. 36.

9. The discovery deadline was March 10, 2023, and the deadline for pretrial dispositive motions was March 24, 2023. Docket Entry No. 26. The following motions are currently pending before the Court:

> (a) Union Pacific's Motion to Exclude Plaintiff's Expert Testimony (Docket Entry No. 38) and Plaintiff's Response (Docket Entry No. 41);
> (b) Plaintiff's Motion for Leave to Amend Plaintiff's Second Amended Complaint (Docket Entry No. 39) and Union Pacific's Response (Docket Entry No. 40);
> (c) Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 42) and Union Pacific's Response (Docket Entry No. 47);
> (d) Union Pacific's Motion for Summary Judgment (Docket Entry No. 44) and Plaintiff's Response (Docket Entry No. 49); and
> (e) Plaintiff's No-Evidence Motion for Summary Judgment (Docket Entry No. 45) and Union Pacific's Response (Docket Entry No. 48)

10. On April 18, Berry filed a Motion for Continuance requesting a continuance of, at least, 120 days. Docket Entry No. 50.

11. The Joint Pretrial Order and Motion *in Limine* deadline is May 22, 2023, and Docket Call is scheduled for June 2, 2023. Docket Entry No. 26.

## II.
## STATEMENT OF THE ISSUE

12. The issue presented to the Court is whether Berry has met her burden and demonstrated good cause exists for a continuance.

13. The grant or denial of a motion for continuance is within the sound discretion of the trial court as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991); *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1570 (5th Cir. 1989). The standard for reviewing a district court's ruling on a motion for continuance is abuse of discretion. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1193 (5th Cir.1986).

## III.
## ARGUMENT & AUTHORITIES

14. Berry alleges a continuance is needed to (a) "supplement pertinent medical records and medical billing pertaining to Thomas'[s] treatment", and (b) "allow the parties additional time to mediate prior to final trial in this matter." Docket Entry No. 50, pg. 1-2. However, the Court should deny Berry's motion because she has not met her burden and demonstrated good cause exists for a continuance.

15. Over the course of this lawsuit, originally filed January 6, 2022, Berry has had numerous opportunities to identify, disclose, and produce Ms. Thomas's relevant medical and billing records. On May 2, 2022, Berry disclosed Thomas's medical providers, the amount of Thomas's past medical bills, and produced numerous medical and billing records. *See* Exhibit "A", Plaintiff's Initial Disclosures. On January 13, 2023, Berry designated Thomas's medical providers as non-retained expert witnesses, stating "[t]hese experts have reviewed the records of Terrell

Thomas and/or examined Terrell Thomas and will rely upon same as the factual basis of the opinions they are expected to provide." Docket Entry No. 36, pg. 1.

16. Berry now generally alleges additional time is needed because "… all of Thomas' medical records pertaining to her treatment have not been requested and/or received..." Docket Entry No. 50, pg. 2. However, Berry fails to provide any facts showing the existence of the evidence sought or justifying the need for a continuance. For example, Berry fails to state (a) the specific medical and billing records at issue, (b) how those records differ from the medical and billing records Berry previously disclosed and produced, (c) how the medical and billing records at issue are relevant and material, (d) the diligence Berry previously undertook to obtain all necessary medical and billing records, (e) the diligence Berry has since taken to obtain the medical and billing records at issue, and (f) a reasonable estimate of how much time is needed to obtain the medical and billing records at issue. *See Employers Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004); *Kozikowski v. Toll Bros., Inc.*, 354 F.3d 16, 26 (1st Cir. 2003); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605–06 (6th Cir. 2001); *Martel v. Cnty. of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995); *United States v. Antioch Found.*, 822 F.2d 693, 697 (7th Cir. 1987); *Havee v. Belk*, 775 F.2d 1209, 1223 (4th Cir. 1985); *Reeg v. Shaughnessy*, 570 F.2d 309, 316 (10th Cir. 1978).

17. Further, Berry fails to demonstrate the actual and substantial prejudice she and/or Thomas will suffer if not allowed time to obtain the medical and billing records at issue. *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1570-71 (5th Cir. 1989) (holding that a district court does not err when denying a motion for continuance where the movant did not show that prejudice would result absent the continuance).

18.     Berry's lack of demonstrated diligence undercuts any argument that the records at issue are of a critical need for her case. *See CHU de Quebec - Universite Laval v. DreamScape Dev. Group Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2022 WL 3718491 (E.D. Tex. Aug. 29, 2022); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (E.D. Tex. 2004) ("[A] party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all.") (internal quotation marks omitted).

19.     A continuance is unnecessary and prejudicial to Union Pacific. A continuance would result in harm to Union Pacific by the added expense that would result from allowing additional discovery and pushing back the trial date. This case is ripe and ready to proceed. Both parties have filed competing summary judgments and the issues are squarely before the Court. Further, a continuance for purposes of mediation is unnecessary and does not constitute good cause. *See Holder v. Healthcare Serv. Corp.*, No. 3:18-CV-2704-L, 2020 WL 95634 (N.D. Tex. Jan. 8, 2020) (holding that engaging in settlement discussions does not constitute good cause for modification of a scheduling order because it does not excuse Plaintiff's responsibility to comply with the court-ordered deadlines). There are still opportunities for the parties to mediate if they choose to do so.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Union Pacific respectfully requests that the Court deny Plaintiff's Motion for Continuance, and such other and further relief at law or in equity to which Union Pacific is entitled.

        Respectfully submitted,

        */s/ Robert Piwetz*
        John W. Proctor
        Attorney-in-Charge
        State Bar No. 16347300
        SD Fed Bar #3622729
        jproctor@brownproctor.com
        Robert K. Piwetz
        State Bar No. 24041700
        rpiwetz@brownproctor.com
        Brown, Proctor & Howell, LLP
        830 Taylor Street
        Fort Worth, Texas 76102
        Telephone: 817-332-1391
        Facsimile: 817-870-2427

        **ATTORNEYS FOR**
        **UNION PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, a true and correct copy of the foregoing was served on Plaintiff's counsel via the Court's eFiling system and/or e-mail transmission, in accordance with the Federal Rules of Civil Procedure.

        */s/ Robert Piwetz*
        Robert Piwetz